## Case No. 2,565.

### The C. F. STARIN.

[10 Ben. 494.] [1]

District Court, E. D. New York. June, 1879.

COLLISION IN EAST RIVER—DAMAGE WHILE IN SINKING CONDITION.

Where a ferry-boat, already in sinking condition from collision with another boat, in attempting to go into her dock, came in collision with a canal boat in tow of a tug, and afterwards sank: *Held*, that as the sinking condition of the ferry-boat was an inevitable result of the first collision, and the loss which resulted was not increased by the second collision, the question whether the tug or the ferry-boat was in fault was immaterial.

In admiralty.

W. W. Goodrich, for libellant.
Peter Cantine, for claimant.

BENEDICT, District Judge. The evidence shows that the steamboat Stevens having

¹ [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

been damaged in a collision with the John Cooker and her tow, left the Annex dock at Brooklyn, leaking badly, for the purpose of getting to a place of safety, if possible, and if not, to the beach of the Jersey shore or Governor's Island. After she was in the stream it was found that her pumps could not keep her free, and that she would necessarily sink, and accordingly she turned to get to a dock. In the effort to reach the dock she came in collision with a canal boat in tow of the propeller Charles F. Starin; she was in a sinking condition at the time. The injury she had already received in the collision with the John Cooker was of so serious a character as to render it impossible to keep her afloat. While it may doubtless be true that some wood was broken, and perhaps the leak increased by the collision with the canal boat in tow of the Starin, that collision did not prevent her from reaching the docks, nor materially increase the libellant's loss. His loss would have been precisely the same, if there had been no second collision, for his boat would have been sunk just as she did sink. Under such circumstances the libellant can recover nothing of the Starin, and the question whether the second collision was caused by the fault of the Starin or of the Stevens becomes an immaterial one. The libel is accordingly dismissed, with costs.